O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PARVIZ PAZARGAD,<br>SIMIN PAZARGAD,<br><br>           Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. aka<br>WACHOVIA MORTGAGE, A<br>DIVISION OF WELLS FARGO BANK<br>and f/k/a WACHOVIA MORTGAGE;<br>NDEX WEST, L.L.C.; and DOES 1<br>THROUGH 20,<br>inclusive<br><br>           Defendants. | CASE NO. CV 11-4524 ODW (PJWx)<br><br>ORDER **GRANTING** DEFENDANT'S MOTION TO DISMISS [3] |

## I.    INTRODUCTION

Currently before this Court is Defendant Wells Fargo Bank, N.A. aka Wachovia Mortgage, a division of Wells Fargo Bank and f/k/a/ Wachovia Mortgage's ("Defendant"), Motion to Dismiss Plaintiffs Parviz Pazargad and Simin Pazargad's ("Plaintiffs") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 3.) Plaintiffs have since filed an Opposition to the Motion to Dismiss, and, subsequently, Defendant filed a Reply. (Dkt. Nos. 8, 9.) Having carefully considered all the papers filed both in support of and in opposition to the instant

1

#:214

Case 2:11-cv-04524-ODW-PJW   Document 16   Filed 08/23/11   Page 2 of 11   Page ID #:214

Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

**II.      FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from the August 26, 2005 mortgage loan originated between Plaintiffs and Defendant, secured by 17315 Quesan Place, Encino, California (the "Property"). (Compl. ¶ 11.) A Deed of Trust ("DOT") was created in connection with the loan, which identified Defendant as the lender and Fidelity National Title Insurance Company ("Fidelity") as the trustee. (Compl. ¶ 12; RJN 1.) Despite Plaintiffs' attempts to modify their loan, Plaintiffs could not qualify for a modification because Defendant could not modify the payment to an amount Plaintiffs could afford. (Compl. ¶¶ 13, 14; Exh. F.) During this same time period, multiple letters–dating back to at least January 18, 2011–were sent from Defendant to Plaintiffs. (Compl. Exh. F.) The letters provided Plaintiffs with toll-free numbers and indicated that Defendant was willing to consider an alternative to foreclosure on the Property, including: (a) Plaintiffs paying $6522.02 on the loan by March 25, 2011, and the bank would waive 15% of the current balance, with an additional 15% waiver if Plaintiffs made the next six payments in time; (b) paying $90,000 on the loan by March 25, 2011, and Defendant would consider the entire loan settled; (c) a private sale of the Property by Plaintiffs; (d) short sale of the property; or (e) voluntary transfer of the deed to Defendant. (*Id.*) An agreement could not be reached between Plaintiffs and Defendant, and as of March 1, 2011, Plaintiffs were in arrears $43,163.46; thus Fidelity recorded a Notice of Default ("NOD") on March 15, 2011. (Compl. ¶ 16; RJN Exh. 2.)

Prior to Fidelity recording the NOD Plaintiffs filed a Complaint on March 11, 2011, in California state court, claiming that Defendant had wrongfully and in bad faith denied Plaintiffs' loan modification application. (Dkt. No. 1; Compl. ¶ 14.) The Complaint proceeds on five causes of action: (1) declaratory relief, (2) a temporary restraining order, (3) preliminary and permanent injunction, (4) fraud, and (5) an

accounting. Subsequently, Defendant removed the case to federal court based on claims involving a federal question and diversity of citizenship. (Dkt. No. 1) Defendant removed the action on May 25, 2011 and, a week later, filed the instant Motion to Dismiss. Plaintiffs have since filed an Opposition and Defendant filed a Reply to the Opposition on June 28, 2011.

### III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*,

3

83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).[1]

## IV. DISCUSSION

Defendant argues that each and every claim in the Complaint fails as a matter of law, particularly because the Complaint is merely a pre-textual attempt at delaying and hindering the foreclosure process. Because the federal claims are reliant upon the state law claims, the Court will begin its analysis by reviewing the validity of those claims arising under California state law, after which it will assess the federal claims.

### A. PLAINTIFFS' CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs' first and third claims are for declaratory relief, a temporary restraining order, and injunctive relief. Declaratory relief is not an independent claim, rather it is a form of relief. *Santos v. Countrywide Home Loans*, No. 09–02642, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009). As such, declaratory relief is "entirely commensurate with the relief sought through [Plaintiffs'] other causes of action," and a court may dismiss the claim for declaratory relief if the legal theory upon which it is predicated fails. *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009). Likewise, "[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Lawrence v. Aurora Loan Servs. LLC*, No. 09–01598, 2010 WL 364276, at * 12 (E.D. Cal. Jan. 25, 2010) (quoting *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (Ct. App. 1942)). In this case

---

[1] To the extent the Court relies on any documents not attached directly to Plaintiffs's Complaint, those documents are mentioned in the Complaint and are thereby incorporated by reference. Furthermore, "[a] trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir.1999), and, thus, fall within the purview of Federal Rule of Evidence 201. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

it seems Plaintiffs base their claims for declaratory and injunctive relief on sections 2923.5 and 2924(g).[2]

*California Civil Code* section 2923.5(a)(1) indicates, "A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default . . . until 30 days after initial contact is made" with the borrower. Additionally, "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). Section 2923.5 does not in any way require a lender to give a borrower a loan modification. *Marby v. Superior Court*, 185 Cal. App. 4th 208, 231 (Ct. App. 2010); *Wienke v. Indymac Bank FSB*, No. 10–4082, 2011 WL 2565370, at *5 (N.D. Cal. June 29, 2011); *see e.g.. Escobedo v. Countrywide Home Loans, Inc.*, No. 09–1557, 2009 WL 4981618, at *2 (S.D. Cal. Dec.15, 2009) (the Home Affordable Modification Program merely sets forth guidelines and does not state that the defendant had to "modify all mortgages that [met] the eligibility requirements.").

Plaintiffs argue Defendant failed to comply with section 2923.5 because Defendant did not extend the notice period or "provide a toll-free telephone number to Plaintiffs, who consequently [were] never contacted to assess their financial situation and [were] not given any options to avoid foreclosure . . . ." (Compl. ¶ 15.) Additionally, Plaintiffs allege that "Defendant[] . . . failed to perform their legal duty which was to grant the [P]laintiffs' loan modification application . . . ." (Compl. ¶ 18.) Defendant, on the other hand, claims Plaintiffs fail to state an actual controversy because California Civil Code section 2923.5 "does not require a loan modification, but instead only requires the lender to 'explore' alternatives to foreclosure; which is limited to merely telling the borrower of ways in which foreclosure may be avoided." (Mot. at 6.) Indeed, documents provided

---

[2] Perhaps due to the inexperience of the *pro se* Plaintiffs, the Complaint lacks clarity. It is difficult to fully comprehend the precise law Plaintiffs wish to incorporate in each cause of action. This is especially true given the sporadic manner with which Plaintiffs sprinkle federal and state statute citations throughout their claims without any subsequent substantive analysis.

by Plaintiffs in the Complaint specifically contradict Plaintiffs' abovementioned arguments.

It is clear from the documents in the Complaint that Plaintiffs had been in contact with Defendant prior to January 28, 2011, during which time Plaintiffs attempted to secure a loan modification on the Property. (*See* Compl. Exh. F.) Furthermore, the NOD was not recorded by Defendant until March 15, 2011, more than forty-five days after the "initial contact" had occurred, and after Plaintiffs had filed the Complaint in state court. It is also evident that when the loan modification did not come to fruition, Defendant was still willing to work with Plaintiffs in at least five different ways to avoid a foreclosure, and provided Plaintiffs with a toll-free number to contact Defendant. Moreover, Plaintiffs' argument that Defendant had a legal duty to grant the loan modification is ineffectual as it runs contrary to California jurisprudence. Therefore, the Complaint fails to state an actual controversy between Plaintiffs and Defendant.

To the extent Plaintiffs allege Defendant violated *California Civil Code* section 2924(g), that section deals exclusively with the sale of a foreclosed property. In this case, however, Defendant has not sold the Property. Consequently, the statutes Plaintiffs attempt to use as a launching point for their claims of declaratory and injunctive relief were not violated, and Plaintiffs fail to meet the pleading requirements for these claims as defined above. Defendant's Motion to Dismiss is therefore **GRANTED** as to these claims.

### B. PLAINTIFFS' CLAIM FOR VIOLATION OF THE IMPLIED COVENANT GOOD FAITH AND FAIR DEALINGS

Plaintiffs claim Defendant breached the implied covenant of good faith and fair dealing as applied to the loan, a verbal and written agreement, and the loan modification paperwork. Specifically, Plaintiffs assert that they were eligible for loan modification and Defendant refused, in bad faith, to provide them with one. However, the implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of [a] contract, and cannot be extended to create obligations not contemplated in the

6

contract." *Racine & Laramie, Ltd. v. Department of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031 (Ct. App. 1992). California courts have held that lenders do not have an obligation to ensure that a borrower can afford a loan, *Perlas v. GMAC Mortg., L.L.C.*, 187 Cal. App. 4th 429, 435–36 (Ct. App. 2010); and, as indicated by Defendant, there is no right under California law to a loan modification. (*See* Mot. at 8-9); *Mabry*, 185 Cal. App. 4th at 231. As previously explained, Defendant attempted to work with Plaintiffs to modify their loan, however, Defendant could not reduce the loan amount enough to make it affordable for Plaintiffs. Therefore, Defendants did not act in bad faith by failing to extend a loan modification to Plaintiffs nor did they have a legal duty to do so. This fatal flaw cannot be cured. Defendant's Motion is **GRANTED WITH PREJUDICE** as to this claim.

### C. PLAINTIFFS' CLAIM FOR FRAUD

Defendant also moves to dismiss Plaintiffs' fraud claim on the grounds that it is not pled with the specificity required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). Under California law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Anderson v. Deloitte & Touche,* 56 Cal. App. 4th 1468, 1474 (Ct. App. 1997). Rule 9(b) demands that "averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-06 (9th Cir. 2003) (citation omitted).

In their Complaint, Plaintiffs allege Defendant made representations it had in-house programs which would permit Plaintiffs to modify their home loan in an attempt to willfully and wantonly deceive Plaintiffs into believing their home loan would be refinanced. (Compl. ¶¶ 32, 36.) Additionally, Plaintiffs claim Defendant represented "it would not foreclose on [P]laintiffs while [they] were in the loan modification process. Nevertheless, Defendant[] proceeded to send [P]laintiffs a final notice that they had referred the loan account to an attorney with instructions for the attorney to commence foreclosure proceedings against [P]laintiffs' home." (Compl. ¶ 37.) Furthermore,

7

Plaintiffs aver they justifiably relied upon Defendant's aforementioned representations and continued to make payment on the special loan forbearance agreement. (Compl. ¶ 38.) With regard to damages, Plaintiffs claim Defendant wrongfully and fraudulent received Plaintiffs' money paid pursuant to the special loan forbearance agreement. Furthermore, Plaintiffs claim they relied upon Defendant's representations of a loan modification and, had they known Defendant would only go "through the motions . . . and had no true or actual intention to grant [P]laintiffs' loan modification application," they would have sought refinancing through another lender. (Compl. ¶ 41.)

While Plaintiffs seem to properly allege all the elements of a fraud, this claim fails to summit the apex of specificity required by Rule 9(b), falling short of pleading the who, what, when, where, and how Defendant perpetrated the alleged fraudulent misrepresentation. "Here, Plaintiffs have not alleged the names of person(s) who made the fraudulent omissions and representations, their authority to speak on behalf of the business, when the representations and omissions were said or withheld, or the contents and form of their statements." (Mot. at 12.) Therefore, Defendants are entitled to dismissal of Plaintiffs' fraud claims on the grounds that the claims are not pled with the specificity required by Rule 9(b). Defendant's Motion is **GRANTED** as to this claim.

### D. PLAINTIFFS' CLAIM FOR AN ACCOUNTING

To state a cause of action for an accounting, a plaintiff must allege a fiduciary relationship that requires an accounting and a balance due from the defendant to the plaintiff that can only be ascertained by an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (Ct. App. 2009). Additionally, courts have not permitted an accounting where a plaintiff does not allege the defendant owes him or her money. *See, e.g.*, *George v. New Century Mortg. Corp.*, No.10–03928, 2010 U.S. Dist. LEXIS 113639, at * 12 (N.D. Cal. Oct. 14, 2010) ("Absent a claim that she is due monies from defendants, she has no right to an accounting."); *Hernandez v. First Am. Loanstar Tr. Servs.*, No. 10–00119, 2010 WL 1445192, at *5 (S.D. Cal. Apr.12, 2010) ("Plaintiffs, as the party owing money, not the party owed money, have no right to seek an accounting.")

Quite simply, in California, "a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstance or a finding that a joint venture exists." *Resolution Trust Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1214 (9th Cir. 1994). Here, Plaintiffs have not alleged any facts showing either a fiduciary relationship with Defendant, or some other special circumstance or joint venture that would cause a fiduciary duty to exist. Moreover, Plaintiffs fail to allege any facts suggesting that the balance owed on the loan cannot be ascertained through ordinary means, such as requesting a written itemization from Defendant. Finally, because it is Plaintiffs who still owe money to Defendant, and not the other way around, Plaintiffs cannot properly bring a claim for an accounting. This fatal flaw cannot be cured. Defendant's Motion is **GRANTED WITH PREJUDICE** as to this claim.

### E. PLAINTIFFS' FEDERAL LAW CLAIMS

The Court also finds it appropriate at this time to address the alleged federal claims within the Complaint, as that is part of the reason why this case was removed to federal court. Plaintiffs allude to four potential statutes violated by Defendant, upon which the Complaint would rely for federal jurisdiction: (1) 12 U.S.C. § 2601, or the Real Estate Settlement Procedures Act ("RESPA"); (2) the Truth-in-Lending Act ("TILA"); (3) 15 U.S.C. § 1601; and (4) breach of Plaintiffs' due process under the United States Constitution.

The first appearance of RESPA in the Complaint is when Plaintiffs state that they are bringing their claim for declaratory relief "under Tile 12, U.S.C. Section 2601." The rest of that claim, however, only mentions how the listed defendants violated *California Civil Code* sections 2923.5, and 2924(g). The Court finds Plaintiffs' reference to RESPA a mere label, nothing more. Where Plaintiffs later cite to RESPA with regard to their fraud claim, they do so again in a conclusory manner; Plaintiffs only state Defendant was "subject to and must comply with . . . [RESPA], and various other laws." (Compl. ¶ 45.) The same is true when Plaintiffs do nothing more than mention TILA or when they list 15 U.S.C. § 1601 et seq., in a list of California code violations they believe Defendant

9

perpetrated. (*See* Compl. ¶¶ 10, 43.)  Again, because mere "labels and conclusions" are not sufficient to properly plead a claim under *Federal Rule of Civil Procedure* Rule 8, Plaintiffs fail to properly allege an additional federal law claim. *Twombly*, 550 U.S. at 555.

Furthermore, to the extent Plaintiffs aver a violation of due process, (Compl. ¶¶ 15, 17, 20), "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States . . . ." *Edwards v. Aurora Loan Servs., L.L.C*, No. 10–00092, 2011 WL 1668926, at *6 (E.D. Cal. May 02, 2011).  California non-judicial foreclosure proceedings do not involve state action.  *Id*.; *Apao v. Bank of N.Y.*, 324 F.3d 1091 (9th Cir. 2003), *cert. denied*, 540 U.S. 948; *accord Geist v. California Reconveyance Co.*, No. 10–0367, 2010 WL 1999854, at *1–3 (N.D. Cal. May 18, 2010) (not reported) (holding, after applying *Apao*, that use of California's nonjudicial foreclosure procedures does not qualify as "state action," and dismissing the plaintiff's Fourteenth Amendment due process claim).

Defendant's actions were that of a private company, not of the federal or state government. Furthermore, Defendant attempted to work with Plaintiffs to stop the foreclosure process.  Therefore, it is clear that Defendant is not capable in its capacity as a private bank of perpetrating a due process violation against Plaintiffs.  *See, e.g.*, *Gjurovich v. California*, No. 10–01871, 2010 WL 4321604, at *5 (E.D. Cal. October 26, 2010) ("Plaintiffs allege no facts establishing that . . . the underlying foreclosure . . . constituted government action sufficient to support a claim" for violation of due process). For those abovementioned reasons, Plaintiffs fail to properly allege any viable federal claims in the Complaint.

### F.   LEAVE TO AMEND

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2). Plaintiffs will be given an opportunity to amend their complaint so as to comply with requirements of Rules 8(a), 8(d)(1), and 9(b) of the *Federal Rules of Civil Procedure*, *i.e.* to make their allegations clear in short, plain statements.  Except as to claims two and

five, the Court grants Plaintiffs twenty (20) days leave to amend. If Plaintiffs fail to amend their complaint or fail to comply with the Court's instructions explained in this order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint").

## V. CONCLUSION

In light of the foregoing, the Court finds that Plaintiffs fail to comply with the pleading requirements of *Federal Rule of Civil Procedure* Rule 8 or that they fail to state a claim against Defendant as a matter of law. Additionally, as the Complaint stands, an actual controversy is not properly alleged between Plaintiffs and Defendant. Accordingly, Defendant's Motion to Dismiss is **GRANTED**. Plaintiffs shall amend their complaint within twenty (20) days.

**IT IS SO ORDERED**.

August 23, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE